**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-4930-WJM

KATHERINE ORTIZ GARCIA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility, *et al*.

Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Katherine Ortiz Garcia's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1). Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility; George Valdez, in his official capacity as Denver Field Office Director for U.S. Immigration and Customs Enforcement ("ICE"); David J. Venturella, in his official capacity as Senior Official of ICE; Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security ("DHS"); and Todd Blanche, in his official capacity as U.S. Attorney General (collectively, "Respondents" or the "Government") filed a cursory response. (ECF No. 7).

For the following reasons, the Court grants the Petition.

## I. BACKGROUND

This case presents an all-too-familiar fact pattern. Ortiz Garcia is a native and

citizen of Venezuela.[1] (ECF No. 1 at ¶ 36.) Ortiz Garcia entered the United States on or about July 11, 2023, and filed for temporary protected status. (*Id.*) On July 19, 2023, DHS released Petitioner on Petitioner's own recognizance and issued a Notice to Appear to continue the case out of custody. (*Id.* at ¶ 37.) DHS granted Ortiz Garcia's temporary protected status application and Ortiz Garcia received a valid work permit and a Social Security number. (*Id.* at ¶ 38.) Furthermore, Ortiz Garcia has no criminal history. (*Id.* at ¶ 44.)

Ortiz Garcia works as an Uber Eats driver and serves as the sole financial provider for Ortiz Garcia's family. (*Id.* at ¶¶ 39, 43.) On June 28, 2026, while Ortiz Garcia was working, ICE detained Ortiz Garcia. (*Id.* at ¶ 42.) ICE did so without an administrative warrant. (*Id.* at ¶ 46.) On that same day, Respondents did not issue a Notice to Appear until after detaining Ortiz Garcia. (*Id.* at ¶ 8.) Moreover, DHS did not serve the Notice to Appear to Ortiz Garcia until the day after. (*Id.* at ¶ 46.)

## II. LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004.) More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and

---

[1] It appears Ortiz Garcia uses "they/them" pronouns. To avoid confusion with antecedents and enhance readability, the Court uses Ortiz Garcia's surname or "Petitioner" throughout this Order.

§ 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.' " *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

## III. ANALYSIS

Ortiz Garcia challenges the legality of the detention, alleging that: (1) the warrantless arrest constituted a violation of the relevant statute (Count One), (2) the detention without pre-deprivation process violates Ortiz Garcia's due process rights (Count Two), (3) in the alternative, the detention lacks the special justification required by the Fifth Amendment (Count Three), and (4) Ortiz Garcia's deteriorating health renders the detention unconstitutional (Count Four). The Court need only reach the merits of Count One to resolve the Petition.

### A. Warrantless Arrest

Ortiz Garcia also alleges that Respondents violated 8 U.S.C. § 1226(a) and the Fourth Amendment by the warrantless arrest. (ECF No. 1 ¶¶ 48–60.) The Court agrees as it relates to the violation of section 1226 and does not reach Petitioner's contention as to the Fourth Amendment. *See United States v. Hardman*, 297 F.3d 1116, 1124 (10th Cir. 2002) ("[I]t is well-settled that federal courts should avoid deciding constitutional issues when statutory issues are dispositive.")

"§ 1226(a) authorizes arrest and detention only '[o]n a warrant issued by the Attorney General.' " *Limon Soto v. Valdez*, 2026 WL 2664193, at *2 (D. Colo. Sept. 10, 2026) (quoting 8 U.S.C. § 1226(a)). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section

1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original); *see Limon Soto*, 2026 WL 2664193, at *2 (same).

Here, Respondents' detention of Ortiz Garcia violates section 1226. Respondents failed to obtain an administrative warrant before detaining Ortiz Garcia. (ECF No. 1 at ¶¶ 46, 51, 66.) As explained above, Respondents do not point to the existence of any administrative warrant, nor do they even attempt to justify the warrantless arrest. In a similar case, Judge Philip A. Brimmer of this District also concluded that "given petitioner's unrefuted claim that the Notice to Appear was not issued until after petitioner's arrest, the Court finds that the Form I-200 warrant was invalid. Therefore, petitioner was not arrested pursuant to a valid warrant, in contravention of 8 U.S.C. § 1226(a)." *Martinez-Salamanca v. Baltazar*, 2026 WL 2083209, at *3 (D. Colo. July 20, 2026). Likewise, Respondents failed to issue a Notice to Appear until after detaining Ortiz Garcia and never produced an administrative warrant to justify the arrest.

Similarly, 8 C.F.R. § 236.1(b)(1) provides that "*[a]t the time of issuance of the notice to appear*, . . . the [noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." (emphasis added). As such, a noncitizen cannot be arrested and detained without a Notice to Appear being issued first. The events in this case occurred in the reverse order.

The Court therefore concludes that Ortiz Garcia's detention violates 8 U.S.C. § 1226(a).

**B. Remedy**

The Government declined to substantively address Ortiz Garcia's claims. (ECF No. 7 at 1.) It even concedes that "the appropriate relief would be an Order directing

that Respondents, within seven days of this Court's Order, release Petitioner from detention." (*Id.* (emphasis in original).) Ortiz Garcia requests immediate release but alternatively requests a bond hearing. (ECF No. 1 at 18–24.)

In the Court's view, a bond hearing will not serve as adequate relief. This Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever"). Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Zheng v. Rokosky,* 826 F. Supp. 3d 545, 563 (D.N.J. 2026) (collecting cases).

Given this reality, the Court will order Ortiz Garcia's immediate release.

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 4) is MADE ABSOLUTE and Ortiz Garcia's Petition (ECF No. 1) is GRANTED;

2. The Court GRANTS this relief to Ortiz Garcia pursuant to Count One of

the Petition. The Court does not reach the merits of Counts Two, Three, or Four;

3. **By no later than this Sunday, October 18, 2026,** Respondents shall IMMEDIATELY RELEASE Ortiz Garcia on Petitioner's own recognizance, along with all Ortiz Garcia's personal belongings, subject only to the conditions of Ortiz Garcia's pre-existing conditional parole**. No additional conditions of release shall be imposed on Ortiz Garcia by Respondents**. Respondents shall further facilitate Ortiz Garcia's transportation from the detention facility by providing all necessary identity and travel documents to return to Ortiz Garcia's primary address,

4. Respondents are ENJOINED from re-arresting or re-detaining Ortiz Garcia unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Ortiz Garcia is a flight risk or danger to the community such that Ortiz Garcia's physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Ortiz Garcia shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5. Respondents shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Ortiz Garcia from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6. Should Ortiz Garcia believe Ortiz Garcia has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, Ortiz Garcia is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **November 13, 2026**. Respondents shall file a response by no later than **December 4, 2026**, and Ortiz Garcia shall file a reply by no later than **December 19,**

**2026**; and

7. Judgment shall enter in Ortiz Garcia's favor and against Respondents on **October 30, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 16th day of October, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge